# ARENBERG v. CAFIERO, et al.

## Case No. 83-9084

Eleventh Judicial Circuit, Dade County

July 21, 1983

### APPEARANCES OF COUNSEL

**Gregory C. Picken** for plaintiff.

**Florence Beth Snyder** for defendant.

### OPINION OF THE COURT

LEONARD RIVKIND, Circuit Judge.

This cause came on to be heard on the Motion to Compel Production of Documents from the Defendant, Cafiero, filed by the Plaintiff, Arenberg, and on the Defendant's Motion for Protective Order. The documentation sought by the Plaintiff and for which the Defendant seeks a Protective Order are the following:

1. All documents, including reporter's notes or outlines, or outlines made in preparation for interviews and notes taken before or after interviews.

2. All documents, including all correspondence and all memoranda between Defendant Cafiero and any person or entity in connection

with the investigation or editorial process involved in the preparing of the broadcasts.

3. Notes or other documentation with respect to any surveillance activities undertaken by any employee of Sunbeam.

The Defendant's objection to the production of the above documentation is premised on a limited privilege afforded the media by the constitutions of the United States and Florida.

The Plaintiff in the case *sub judice* is a public figure. A public figure is unable to recover in a defamation action "absent proof that (Defendants) had published a damaging falsehood with actual malice—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *Herbert v. Lando,* 441 US 153, 156 (1979) (quoting *New York Times Co. v. Sullivan,* 376 US 254, 280 (1964)). See *Curtis Publishing Co. v. Butts,* 388 US 130 (1967). In order to establish liability, the Plaintiff must focus on the conduct and state of mind of the Defendant and the editorial processes affecting the direction of the broadcasts. *Herbert v. Lando,* supra.

The Defendant attempts to shield her "work product," i.e. notes, outlines of interviews, and memoranda, from discovery by invoking the limited protection afforded by the First Amendment. To support her position, the Defendant Cafiero cited numerous cases. These cases divide into two categories: libel actions against the media Defendant wherein the Plaintiff seeks disclosure of confidential sources and actions wherein the Plaintiff seeks disclosure of confidential sources or the work product, of a non-party media representative.[1]

The Defendant's case law is neither applicable nor persuasive in the case at bar. "Evidentiary privileges in litigation are not favored, and even those rooted in the Constitution must give way in proper circumstances." *Herbert v. Lando,* supra at 175. The Plaintiff asserts specific allegations of injury stemming from a series of investigative reports and that the broadcasts, as a whole, constituted a deliberate attempt to defame him. The Plaintiff does not seek the disclosure of confidential sources. He seeks the "work product" of the party defendant—documentation relevant to prove whether the Defendant Cafiero acted with

---

[1] See, e.g. *Miller v. Transamerican Press, Inc.,* 621 F.2d, 721 (5th Cir. 1980) (disclosure of confidential source); *Godsen* (sic) *County Times, Inc. v. Horne,* 426 So.2d 1234 (Fla. 1st DCA 1983) (disclosure of confidential source); *Loadholtz v. Fields,* 389 F. Supp. 1299 (M.D. Fla. 1975) (work product of non-party reporter). *Hancock v. Wilkinson,* 8 Med. L. Rptr. 2566 (Fla. 10th Cir. 1982) (non-party newspaper reporter's testimony about published statements attributed to party defendant).

actual malice or with reckless disregard for the truth. A limited privilege from disclosure of confidential sources and work product is necessary to avoid a "chilling effect on the gathering and publication of news and upon the flow of information to the public." *Florida v. Reed,* 8 Med. L. Rptr. 1249, 1250 (Fla. 15th Cir. 1982). See *Loadholtz v. Fields,* supra. However, "those exceptions to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth." *Herbert v. Lando,* supra at 175, (quoting, *United States v. Nixon,* 418 US 683, 710 (1974).

In this defamation action, the public figure must delve into the actions and thoughts of the Defendant reporter and into editorial processes. These relevant areas can be examined most effectively from the Defendant's notes, correspondence and memoranda made during the preparation of the broadcasts. The "work product" will reveal her belief in the veracity of statements obtained during interviews, and most importantly, the direction of her investigative pursuits and the point of view she sought to elicit and ultimately to present to the public at large. The information sought goes directly to the determination of whether the Defendant acted maliciously or with utter disregard for the truth. The limited privilege asserted, therefore, does not lie to prevent discovery of such "work product". See generally *Herbert v. Lando,* supra.

It is upon consideration thereof:

ORDERED AND ADJUDGED as follows:

1. The Defendant, Cafiero's, Motion for Protective Order is denied.

2. The Plaintiff's Motion to Compel Production of Documents is granted and Defendant is allowed thirty (30) days to produce the same.